

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| YOON SOO MIN, JEONG SEON PARK, YONG NAN PARK, and JAE MOON CHUNG, <br><br> Plaintiffs, <br><br> vs. <br><br> RODNEY WINTER, KIMBERLIE WINTER, GERALD WINTER, E. DARLENE WINTER, RKW DAIRY, L.L.C. a South Dakota limited liability company, and WINTER DAIRY LIMITED PARTNERSHIP, a South Dakota limited partnership. <br><br> Defendants. | Civ. 09- 1015 <br><br><br> **COMPLAINT** <br> **-AND-** <br> **DEMAND FOR JURY TRIAL** |

The Plaintiffs, Yoon Soo Min, ("Min") and Jeong Seon Park, Yong Nan Park, and Jae Moon Chung ("Chung") (hereinafter referred to collectively as "Plaintiffs") through their undersigned attorney, state and allege as follows in support of their Complaint:

## PARTIES

1.  Min, Jeong Seon Park, Yong Nan Park, and Chung are citizens of Korea who were given a temporary green card by the United States Citizenship and Immigration Services ("USCIS") in 2006.

2.  Defendant Winter Dairy L.P. ("Winter Dairy") is a limited partnership organized under the laws of South Dakota and located in Willow Lake, Clark County, South Dakota. Plaintiffs are the limited partners of Winter Dairy.

1

3.     Defendant RKW Dairy, L.L.C. ("RKW") is a limited liability company organized under the laws of South Dakota with its principal place of business in Clark County, South Dakota.  RKW is the general partner of Winter Dairy LP ("Winter Dairy").

4.     Defendant Rodney Winter is a citizen of South Dakota and resides in Willow Lake, Clark County, South Dakota and is the owner/manager of RKW.

5.     Defendant Kimberlie Winter is a citizen of South Dakota and resides in Willow Lake, Clark County, South Dakota and a member of RKW.

6.     Defendant Gerald Winter is a citizen of Washington and resides in Tenino, Thurston County, Washington.

7.     Defendant E. Darlene Winter is a citizen of Washington and resides in Tenino, Thurston County, Washington.

## JURISDICTION & VENUE

8.     This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(2) as plaintiffs are citizens of Korea and the Defendants are citizens of South Dakota and Washington and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

9.     Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial amount of the acts or occurrences giving rise to this action occurred in the State of South Dakota.

## FACTS

10.    Plaintiffs desired to obtain permanent resident status in the United States.  As a result, Plaintiffs entered the USCIS pilot program pursuant to 8 CFR 204.6(m) ("the EB-5 program").

11.    Pursuant to the EB-5 program, Plaintiffs were required to invest $500,000.00 each to establish and operate a new business in a specially designated area in the United States.

2

Additionally, Plaintiffs were required to show each investment created four full-time employee positions.

12. South Dakota's regional center qualified as a specially designated area pursuant to the EB-5 program because of South Dakota's low population.

13. Plaintiffs negotiated with Rodney and Kimberlie Winter about entering into a partnership in South Dakota to operate a dairy business.

14. On August 1, 2005, Plaintiffs executed a Limited Partnership Agreement (the "Partnership Agreement") with RKW. A true and correct copy of the Partnership Agreement is attached hereto as **Exhibit 1**.

15. Pursuant to the Partnership Agreement, Plaintiffs are limited partners in Winter Dairy, with a collective 60% of the partnership units. RKW, through members Rodney and Kimberlie Winter, is the general partner with 40% of the partnership units.

16. Proof of Plaintiffs' investment and a copy of the business plan and minimum full time employee requirement were submitted to USCIS. USCIS approved Plaintiffs' temporary petitions. As a result, Plaintiffs, and their families received temporary green cards.

17. Plaintiffs each made a capital contribution of $500,000.00, for a total contribution of $2,000,000.00.

18. The Partnership Agreement was consistent with the intent of the parties and the business plan that had been submitted with respect to the fact that at least 16 full time employees were to be maintained by the Dairy. *See id.* at § 9.4 (e).

19. This Partnership Agreement was consistent with the intent of the parties and the Business Plan that had been submitted with respect to the fact that it required title to Partnership property to be held in the name of the Partnership or its nominee. *See id.* at § 1.4.

3

20.     RKW submitted a Winter Dairy Limited Partnership Business Plan ("Business Plan"), which Plaintiffs accepted. *See* **Exhibit 2.**

21.     In that Business Plan, RKW as general partner was to contribute $500,000 in cash, $1.38 million dollars worth of cows and $406,000 worth of equipment.

22.     The Partnership Agreement also required RKW to contribute $500,000.

23.     In addition, it was agreed that Winter Dairy would take out a loan of $1.7 million.

24.     Plaintiffs contributed the required $2,000,000 to Winter Dairy. *See* **Exhibit 3**

25.     There is no evidence that RKW, Inc. contributed its required $500,000.

26.     In the "Source & Uses of Funds Statement" to the Business Plan, the plan called for $90,000 of the partnership funds to be used toward land, while $2,800,000 would be allocated towards the Partnership buildings.

27.     RKW, as general partner, failed to title Winter Dairy properties, such as the land and the barns, in the Limited Partnership's name.

28.     Instead, the land was titled in the names of Rodney Winter, Kimberlie Winter, Gerald Winter and E. Darlene Winter.

29.     Additionally, RKW, as general partner, took out loans that exceeded the $1.7 million dollars authorized in the business plan by having Winter Dairy guarantee loans to RKW and Gerald Winter, which exceeded $4.8 million additional dollars.

30.     Winter Dairy failed to remain current on its loans to the First National Bank in Sioux Falls ("Bank").

31.     At the same time, the loans for RKW and Gerald Winter were delinquent.

32.     In October 2009, Winter Dairy owed over $1.4 million dollars.

33.   On or about October 13, 2009, the Bank started an action against Winter Dairy and RKW
      for both's indebtedness and on a Guaranty.

34.   In that October 13, 2009 Complaint, Bank alleged that RKW owed over $3.6 million
      dollars.

35.   The Bank sought a Judgment against Winter Dairy on a Guaranty for RKW's $3.6
      million dollar loan delinquency.

36.   Due to the debt, Bank sought to foreclose on the property and sought claim and delivery
      of the personal property that the Bank held as collateral.

37.   During the course of the action, Rodney and Kimberlie Winter and Gerald and E. Darlene
      Winter executed quit claim deeds to the Bank for the real property on which Winter
      Dairy operated and the buildings of the Dairy.

38.   The real property and the buildings were supposed to be titled in the Partnership's name
      pursuant to the Partnership Agreement, but RKW did not do so.

39.   Accordingly, Winter Dairy lost property rightfully belonging to it and the Plaintiffs were
      unable to dispute or contest the foreclosure action or the claim and delivery action
      because of Rodney Winter's, Kimberlie Winter's and RKW's failure to title the property
      according to the agreement.

## FIRST CAUSE OF ACTION - - BREACH OF CONTRACT

40.   Plaintiffs reallege and incorporate paragraphs 1 through 39 as if fully set forth herein.

41.   The Agreement entered into between the parties constitutes a valid and enforceable
      contract.

42.  Rodney and Kimberlie Winter and RKW breached their contractual obligations by failing to title the land and Winter Dairy buildings in the Partnership's name, as required by section 1.4 of the Partnership Agreement.

43.  Moreover, Rodney and Kimberlie Winter and RKW breached their contractual obligations by quit claim deeding the dairy's land and buildings over to the Bank.

44.  Rodney and Kimberlie Winter and RKW breached their contractual obligations by failing to contribute $500,000 as specified in the Partnership Agreement.

45.  These breaches of contract were intentional, unlawful, and/or in bad faith.

46.  These breaches have not been cured and have proximately caused Plaintiffs' damages in an amount to be determined at trial.

### SECOND CAUSE OF ACTION - - BREACH OF FIDUCIARY DUTY

47.  Plaintiffs reallege and incorporate paragraphs 1 through 46 as if fully set forth herein.

48.  As the general partner, RKW, along with Rodney Winter and Kimberlie Winter, owed a fiduciary duty to Plaintiff's to refrain from acting recklessly, intentionally, or unlawfully with respect to the conduct of the partnership business.

49.  Rodney Winter, Kimberlie Winter and RKW also owed a fiduciary duty to Plaintiffs' to act honestly and fully disclose any acts or omissions which may significantly undermine the intent of the parties and the Partnership Agreement.

50.  Rodney Winter, Kimberlie Winter and RKW breached their duty by unlawfully, intentionally, and/or in bad faith failing to title Partnership property in the Partnership's name; failing to contribute the required $500,000 capital contribution, having Winter Dairy guarantee loans in excess of $4.8 million dollars for RKW and Gerald Winter, and quit claim deeding the Bank what should be Partnership property.

6

51.     Rodney Winter's, Kimberlie Winter's and RKW's conduct was fraudulent, deceitful, and
        committed with total disregard to Plaintiffs' rights.

52.     As a direct and proximate result of Rodney Winter's, Kimberlie Winter's and RKW's
        breach of fiduciary duty, Plaintiffs have been damaged in an amount to be determined at
        trial.

### THIRD CAUSE OF ACTION - - FRAUD/DECEIT

53.     Plaintiffs reallege and incorporate paragraphs 1 through 52 as if fully set forth herein.

54.     Rodney Winter, Kimberlie Winter, and RKW represented and promised that they would
        be contributing $500,000 into Winter Dairy and that all property would be entitled into
        the Partnership's name.

55.     These representations and promises were false and material and made with the intent that
        Plaintiffs would invest their $2,000,000 and enter into the Partnership with Rodney
        Winter, Kimberlie Winter and RKW.

56.     At the time these false representations and false promises were made, Rodney Winter,
        Kimberlie Winter and RKW had no intention of performing these promises.

57.     These false representations and false promises induced Plaintiffs into the Partnership.

58.     Plaintiffs relied upon these false representations and false promises to their detriment and
        would not have entered into the Partnership Agreement had they known that RKW would
        not be contributing $500,000 or that the property would not be entitled in the
        Partnership's name.

59.     As a direct and proximate result of these false representation and false promises Plaintiffs
        have been injured in an amount to be determined at trial.

7

**FOURTH CAUSE OF ACTION - - CIVIL CONSPIRACY (as to RKW, Rodney Winter,**

**Kimberlie Winter, Gerald Winter and E. Darlene Winter)**

60.  Plaintiffs reallege and incorporate paragraphs 1 through 59 as if fully set forth herein.

61.  Rodney Winter, Kimberlie Winter, Gerald Winter and E. Darlene Winter had a meeting

of the minds and conspired to have Rodney Winter, Kimberlie Winter, and RKW breach

its fiduciary duty to Plaintiffs by intentionally and unlawfully putting the land and

buildings that were to be in the Partnership's name in the names of Gerald Winter and E.

Darlene Winter and/or Rodney Winter and Kimberlie Winter.

62.   Rodney Winter, Kimberlie Winter, Gerald Winter and E. Darlene Winter had a meeting

of the minds and conspired to have Rodney Winter, Kimberlie Winter, and RKW breach

its fiduciary duty to Plaintiffs by quit claim deeding the property to the Bank for their

personal gain, even though the land was Winter Dairy property and suppose to be titled in

Winter Dairy's name.

63.  Rodney Winter, Kimberlie Winter and RKW breached their fiduciary duty in furtherance

of the conspiracy.

64.  Rodney Winter's, Kimberlie Winter's, Gerald Winter's and E. Darlene Winter's conduct

was fraudulent, deceitful, and committed with total disregard to Plaintiffs' rights.

65.  As a direct and proximate result of the civil conspiracy, Plaintiffs have been damaged in

an amount to be determined at trial.

**FIFTH CAUSE OF ACTION - - EXEMPLARY AND SPECIAL DAMAGES**

66.  Plaintiffs reallege and incorporate paragraphs 1 through 65 as if fully set forth herein.

8

67.   Defendants' actions stated herein are, intentional, wilful, malicious, and/or in reckless disregard for the rights of Plaintiffs, and constitute vexatious, fraudulent, and/or malicious oppression of Plaintiffs and their rights.

68.   Accordingly, an award for punitive damages is proper.

69.   Plaintiffs are entitled to an award of punitive damages in an amount to be determined.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

(1)   For a judgment in their favor on all counts above awarding general, special, and exemplary damages;

(2)   For attorney's fees and costs;

(3)   For such further relief the Court determines just.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues triable to a jury.

Dated this 18th day of December, 2009.

JANKLOW LAW FIRM, PROF. L.L.C.

By_____
William J. Janklow
Natalie D. Damgaard
1700 West Russell Street
Sioux Falls, SD 57104
Office:  (605) 332-0101
Fax:  (605) 332-2178
Email:  william.janklow@janklowlaw.com
Email:  natalie.damgaard@janklowlaw.com

*Attorneys for the Plaintiffs*

9