IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| YOON SOO MIN, JEONG SEON PARK, YONG NAN PARK, AND JAE MOON CHUNG, | CIV. 09-1015 |
| Plaintiffs, | MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION BY DEFENDANTS GERALD WINTER AND E. DARLENE WINTER |
| vs. | |
| RODNEY WINTER, KIMBERLIE WINTER, GERALD WINTER, E. DARLENE WINTER, RKW DAIRY, L.L.C. A South Dakota Limited Liability Company, and WINTER DAIRY LIMITED PARTNERSHIP, A South Dakota Limited Partnership, | |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

The individual Defendants, Gerald Winter and E. Darlene Winter, by and through counsel, submit this Memorandum in Support of their Motion to Dismiss for lack of subject matter jurisdiction.

## OVERVIEW

The Plaintiffs claim this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 based upon diversity of citizenship. (Complaint ¶8)  Plaintiffs allege that they are citizens of Korea who were given temporary green cards by the United States Citizenship and Immigration Services in 2006. (Complaint ¶1)  Plaintiffs further allege that Winter Dairy Limited Partnership (Winter Dairy) is a South Dakota limited partnership organized under the laws of the State of South Dakota and located in Willow Lake, Clark County, South Dakota. (Complaint ¶2)  The Plaintiffs further allege that they are each limited partners of Winter Dairy

and that they hold a collective sixty percent ownership of the partnership units. (*Id.*; Complaint ¶15). Plaintiff attached the Winter Dairy Limited Partnership Agreement to their Complaint and this confirms that Plaintiffs are limited partners in Winter Dairy. (Complaint at Ex. 1)

The Plaintiffs cannot establish complete diversity and this Court must dismiss this action because it lacks jurisdiction under 28 U.S.C. § 1332. While Congress established that a corporation is a citizen of the state where it is either incorporated or where it maintains its principal place of business in 28 U.S.C. § 1332(c)(1), there is no such statutory directive for other associations and partnerships. It is, instead, well established that for purposes of an association that: "diversity jurisdiction in a suit by or against the entity depends on the citizenship of all the members, the several person composing such association, each of its members." *C.T. Carden v. Arkoma Associates*, 494 U.S. 185, 195-96, 110 S.Ct. 1015, 1021 (1990). As a result, the citizenship of a limited partnership is the citizenship of each of its partners. *Id.*; *Buckley v. Control Data Corp.*, 923 F.2d 96, 97 (8th Cir. 1991).

Each of the Plaintiffs here is a citizen of Korea. (Complaint ¶ 1) Each of the Plaintiffs is also a limited partner of Winter Dairy. (Complaint ¶15) In considering the citizenship of Winter Dairy, it is a citizen of each of its partners under *C.T. Carden and Buckley, supra*. As the citizenship of each partner of Winter Dairy must be considered for purposes of determining diversity under 28 U.S.C. § 1332(c)(2), there are aliens from the same country (Korea) on each side of this lawsuit and complete diversity is lacking. *See e.g., Universal Licensing Corp v. Paola del Lungo S.p.A.,* 293 F.3d 579, 581 (2d Cir. 2002) (noting when non-resident aliens are present on both sides of the litigation, diversity is lacking under 28 U.S.C. § 1332 (a)(2)). The lack of diversity is thoroughly discussed below.

## ARGUMENT

The United States Supreme Court has recognized that 28 U.S.C. §1332 requires "complete diversity" of citizenship. *C.T. Carden*, *supra*, 494 U.S. at 187 quoting *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed 435 (1806). This requirement of complete diversity "means that the parties on one side are different than each of the parties on the other side." *Thompson v. Deloitte & Touche, LLP,* 503 F.Supp.2d 1118, 1122 (S.D. Iowa 2007). The presence of at least one alien on both sides of an action destroys diversity. *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553, 1557 (11th Cir.1989).

The Supreme Court, while recognizing that corporations may be deemed a citizen of the state of incorporation, has also clearly recognized that this does not extend to a limited partnership. *C.T. Carden, supra,* 494 U.S. at 189. For diversity purposes, a partnership entity, unlike a corporation, does not rank as a citizen. Instead, in determining the citizenship of an artificial entity, such as a limited partnership as is involved here, the Court must look to the citizenship of all the members. *Id.* at 195. This is consistent with the Eighth Circuit's later consideration of this issue in *Buckley, supra,* 923 F.2d at 97. To meet the complete diversity requirement, all partners must be diverse from all parties on the opposing side. This is not present here because the partnership is a Defendant adverse to the Plaintiffs, who are partners. Both the Plaintiffs and the Defendant Winter Dairy are citizens of Korea and complete diversity is lacking.

In *Thompson, supra,* the United States District Court for the Southern District of Iowa addressed the issue that is particularly pertinent here, i.e., the issue of diversity jurisdiction involving a limited liability partnership and the presence of alien partners on both sides of the case. In *Thompson,* the Court noted that there were alien plaintiffs (citizens of Bahamas and

3

Bermuda) versus alien defendants (29 alien partners). *Id.* at 1125. The *Thompson* Court first noted the established rule that the partnership's citizenship for purpose of diversity was determined by the citizenship of its partners. *Id.* at 1122. The *Thompson* Court then considered the resulting issue that there were aliens on both sides of the controversy. In its discussion regarding the alien partners, the Court relied on a number of decisions recognizing that the presence of aliens on both sides of the litigation destroys diversity. *Id.* at 1125.[1] The *Thompson* Court then recognized that the presence of aliens on both sides of the lawsuit defeated diversity. *Id.* at 1129. The same result must be reached here. Winter Dairy, the partnership and Defendant, is a citizen of Korea for purposes of a diversity analysis. The Plaintiffs are also citizens of Korea. There is not complete diversity as required by 28 U.S.C. § 1332.

## CONCLUSION

In this action, there is not complete diversity as required for this Court to maintain jurisdiction. As a result, the Court must dismiss this because it lacks subject matter jurisdiction.

Dated this 21st day of April, 2010.

SCHAFFER LAW OFFICE, PROF. LLC

*/s/ Michael J. Schaffer*
Michael J. Schaffer
412 West 9th Street, Suite 1
Sioux Falls  SD  57104-3602
Telephone:  (605) 274-6760
Facsimile:  (605) 274-6764
E-mail:      mikes@schafferlawoffice.com
*Attorneys for Defendants Gerald Winter and
E. Darlene Winter*

---

[1] *See e.g., Kramer v. Caribbean Mills, Inc.,* 394 U.S. 823, 825 n. 2, 89 S.Ct. 1487, 23 L.Ed.2d 9 (1969) (stating that complete diversity is required of aliens even if they are citizens of different countries); *Universal Licensing Corp, supra,* 293 F.3d at 581; *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.,* 10 F.3d 425, 428 (7th Cir.1993); *Cabalceta, supra,* 883 F.2d 1553, 1557 (11th Cir.1989).

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Defendants Gerald Winter and E. Darlene Winter, hereby certifies that a true and correct copy of the foregoing "Memorandum in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction By Defendants Gerald Winter and E. Darlene Winter" was served by e-filing upon:

> William J. Janklow
> william.janklow@janklowlaw.com
> Natalie D. Damgaard
> Natalie.damgaard@janklowlaw.com
> Janklow Law Firm Prof. L.L.C.
> 1700  West Russell Street
> Sioux Falls  SD  57104
>   *Attorneys for Plaintiffs*
>
> Todd D. Wilkinson
> todd@wslawfirm.net
> Gary W. Schumacher
> gary@wslawfirm.net
> 103 Joliet Avenue SE – PO Box 29
> DeSmet  SD  57231
>   *Attorneys for Defendants Rodney Winter, Kimberlie Winter, RKW Dairy,*
>   *L.L.C., and Winter Dairy Limited Partnership*

this 21st day of April, 2010.

_____ */s/Michael J. Schaffer*_____